IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 09-273 |
| ) | |
| RAHEEM MUHAMMAD, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

On October 1, 2018, the court held an evidentiary hearing regarding defendant Raheem Muhammad's ("Muhammad") motion for early termination of his supervised release (ECF No. 959). The government opposed the motion (ECF No. 964). For the reasons set forth on the record, the motion was granted in part and denied in part. This memorandum opinion further explains the court's decision and reasoning.

Pursuant to 18 U.S.C. § 3583, after considering certain enumerated factors in 18 U.S.C. § 3553(a), the court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The pertinent § 3553(a) factors the court must consider before terminating the term of supervised release are:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, §§ 3553(a)(2)(B)-(C);

- the kinds of sentences available, § 3553(a)(3);
- the sentencing range established by the Sentencing Commission, § 3553(a)(4);
- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);
- the need to avoid unwarranted sentence disparities among defendants with similar records who have not been found guilty of similar conduct, § 3553(a)(6); and
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"[E]arly termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." *United States v. Laine*, 404 F. App'x 571, 573-74 (3d Cir. 2010). "Compliance with the conditions of supervised release are expected and not exceptional." *Id.* at 574. The court will consider the pertinent factors set forth in § 3553(a) in this light.

*(1) The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a).*

Muhammad pleaded guilty to conspiracy to distribute 500 grams to 2.0 kilograms of cocaine and was sentenced to the mandatory minimum of 60 months imprisonment, to be followed by 5 years of supervised release. Muhammad also had a previous serious drug conviction.

The mandatory minimum term of supervised release is 4 years. Muhammad was released from custody on September 19, 2014, and completed four years of supervised release on September 19, 2018. Muhammad's conduct while on supervision in this case has been exemplary. He had no violations and all drug tests were clean. Since February 2015, he has been on administrative supervision, which requires submitting a monthly report and no personal

2

visits with the probation officer.  Muhammad worked steadily until April 2018, when he underwent emergency surgery and qualified for Social Security disability benefits.

Muhammad seeks early termination of his supervised release because he suffers from severe kidney failure and is on a list for a kidney transplant.  If a replacement kidney becomes available, Muhammad will likely have to react immediately and may have to travel outside the state.  In addition, given his health, Muhammad would like to visit family in Cincinnati, Ohio and take his minor children to Disney World.

***(2) The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, §§ 3553(a)(2)(B)-(C).***

Muhammad served his prison term and the minimum guideline range of supervised release.  Given Muhammad's criminal conviction and history, the court imposed a five-year term of supervision to provide further deterrence and protection to the public.

***(3) The kinds of sentences available, § 3553(a)(3).***

This factor is neutral.

***(4) The sentencing range established by the Sentencing Commission, § 3553(a)(4).***

The guideline range for a term of supervised release was 4 to 5 years.

***(5) Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).***

The Sentencing Commission issued no pertinent policy statements.

***(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have not been found guilty of similar conduct, § 3553(a)(6).***

There is no evidence of a need to terminate supervised release to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

3

similar conduct. Generally, terms of supervised are fulfilled because "simple compliance with the conditions of supervised release are expected and not exceptional." *Laine*, 404 F. App'x at 574.  If Muhammad obtains a kidney transplant, the need for him to recuperate and his likely inability to file timely reports with the probation office provide adequate justification to modify or terminate his conditions of supervision.

***(7) The need to provide restitution to any victims of the offense, § 3553(a)(7).***

Restitution is not an issue in this case.

Based on Muhammad's compliance to date, the need for continued supervision is somewhat reduced.  On the other hand, the burden on Muhammad to comply with the remaining conditions of supervision is relatively light.  The government and probation office acknowledged that Muhammad would be given permission to travel to obtain a kidney replacement and to visit family if he asked.  After considering all these factors, the court granted Muhammad's motion in part and modified the conditions of supervision as follows:  (1) defendant is pre-approved to travel to obtain a kidney transplant without prior notice or permission to the probation office; when defendant gives notice of the transplant to the probation office, the probation office shall notify the court and the court will terminate supervision; and (2) defendant is pre-approved to travel to his aunt's house in Cincinnati, Ohio, and to take his family to Disney World; defendant must provide notice to the probation office of the dates of such travel and his location.  The motion was denied in all other respects.

October 3, 2018

By the court:

 /s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge